# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TODD CHRISTOPHER MORGAN,

:

    Petitioner,                             Case No. 3:11-cv-450

:            District Judge Timothy S. Black

   -vs-                                         Magistrate Judge Michael R. Merz

Warden, Chillicothe Correctional Institution,

:

    Respondent.

## REPORT AND RECOMMENDATIONS

        This habeas corpus case is before the Court for initial review under Rule 4 of the Rules Governing § 2254 Cases. That rule provides in pertinent part "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the district judge must dismiss the petition and direct the clerk to notify the petitioner."

        The Petition discloses that Mr. Morgan was convicted in the Montgomery County Common Pleas Court and sentenced on April 26, 2001 (Petition, Doc. No. 1, ¶ 2.) Thereafter he took an unsuccessful appeal to the Montgomery County Court of Appeals. *Id.* ¶ 9. Finally, the Ohio Supreme Court on June 9, 2004. *Id.* ¶ 9(f).

        28 U.S.C. § 2244(d) creates a one year statute of limitation for habeas corpus actions attacking state convictions. The statute begins to run in most cases on the date the conviction becomes final on direct appeal. In this case, that would be ninety days after the Ohio Supreme Court denied review because a person who loses on a federal constitutional claim in a state supreme court

has ninety days to seek a writ of certiorari from the United States Supreme Court. The ninetieth day after the Ohio Supreme Court declined review was September 2, 2004. Because Petitioner did not file his Petition in this Court under December 22, 2011, it is barred by the statute of limitations. A district court may dismiss a habeas petition *sua sponte* on limitations grounds when conducting an initial review under Rule 4 of the Rules Governing §2254 Cases, *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002).

It is accordingly respectfully recommended that this case be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous, precluding Petitioner from proceeding on appeal *in forma pauperis*. December 23, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District

Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

J:\Documents\Morgan Habeas 2244 R&R.wpd