**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

TODD CHRISTOPHER MORGAN,
:
    Petitioner,                                         Case No. 3:11-cv-450

                                                    :         District Judge Timothy S. Black
    -vs-                                                  Magistrate Judge Michael R. Merz

Warden, Chillicothe Correctional Institution,
:
    Respondent.

---

**SUPPLEMENTAL REPORT AND RECOMMENDATIONS**

---

       This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 3) to the Magistrate Judge's Report and Recommendations recommending that the case be dismissed with prejudice as barred by the statute of limitations (Doc. No. 2).

       Mr. Morgan admits that the Ohio Supreme Court denied review of his case on June 9, 2004, a fact of which his attorney advised him two days later (Doc. No. 3, Exhibit F).  While his counsel recommended filing a petition for writ of habeas corpus at the same time, Mr. Morgan does not claim that he ever did so until December 22, 2011, when he filed the Petition here.  It was on this basis that the Magistrate Judge recommended dismissal under the statute of limitations, 28 U.S.C. § 2244.

       In his Objections, Mr. Morgan argues that a void judgment can be attacked at any time and that the judgment in his case is void because one of the verdict forms is not signed by all the jurors.  He claims that "there cannot be a law of the United States that will bar the granting of a writ of

habeas corpus because of a one year statute of limitation..." *Id.* at PageID 31. However, there is indeed such a law, 28 U.S.C. § 2244, in which the Congress of the United States adopted the one-year statute of limitations for federal habeas corpus cases. The statute of limitations has never been held to be unconstitutional as a suspension of the writ of habeas corpus. *See Johnson v. United States*, 544 U.S. 295 (2005); *Wyzykowski v. Dept. of Corrections*, 226 F.3d 1213 (11th Cir. 2000).

Mr. Morgan asserts his delay is excused by his difficulty in getting the required papers from either his attorney or the Clerk of the Montgomery County Common Pleas Court. But the habeas corpus statute does not require a petitioner to file proof of his claim with the petition. Instead, if a timely-filed and facially valid petition is filed, the habeas court will obtain the court record.

Mr. Morgan had advice in June, 2004, from a well-respected criminal defense attorney who had handled his case that he should file a petition for habeas corpus. That advice was received more than a year before the statue of limitations ran, but Petitioner delayed more than seven years in filing.

The Magistrate Judge therefore again respectfully recommends the Petition be dismissed with prejudice and Petitioner be denied a certificate of appealability and leave to appeal *in forma pauperis*.

January 6, 2012.

                                                               s/ **Michael R. Merz**
                                                             United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).